[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Karen Messina, by writ, summons and complaint, dated November 2, 1992, seeks, inter alia, a dissolution of her marriage from the defendant, Ernest Messina.
The court, by a preponderance of the credible, relevant and legally admissible evidence, finds, concludes and rules as follows.
The plaintiff, whose maiden name was Karen Verdosci, and the defendant intermarried at Middletown, Conn., on January 26, 1986.
One of the parties, for at least twelve months next preceding the date of this complaint, has resided continuously in this state.
There are no minor children, issue of this marriage and no minor children have been born to the plaintiff since the date of the marriage.
Neither the plaintiff nor defendant have been the recipient of any aid from an governmental agency.
The defendant is the owner of certain real estate located at 260 Candlewood Hill, Higganum. The plaintiff is presently residing in this property, title to which stands in the name of the defendant. This home was owned by the defendant prior to the marriage. CT Page 10742
At the time of the marriage and prior thereto the plaintiff owned real estate on Birdsey Avenue, an additional lot on Birdsey Avenue and a business known as "Hillside Package Store." The real estate and the business were sold subsequent to the marriage and the proceeds from the sale of the real estate were invested for the mutual benefit of both parties. At this time little remains of the proceeds of said sales and the investments made with some of said proceeds have not been, overall, successful.
The parties also own a time share in Aruba which is of questionable value.
At the time of the institution of this action, the plaintiff withdrew jointly held funds totaling $11,342.52. She also retained the proceeds, from the sale of her business, in the amount of $14,858.21.
Although there is fault on the part of both parties, the primary fault for the failure of this marriage lies in the behavior of the defendant when he began intimate relations with another woman while still married to and living with the plaintiff.
The financial affidavits of the parties indicate that the plaintiff nets approximately $205.00 per week while the defendant nets $357.00 per week. Based on what the defendant has been paying pursuant to a pendante lite award and the payments he is making with regard to his current living arrangements, the above stated sum indicates an understatement of the defendants income.
Based on the mandates and the criteria enunciated in General Statutes Secs. 46b-81 and 46b-82 the court makes the following property distribution and financial awards.
The marital residence shall remain the property of the defendant. The time share in Aurba shall remain in both names with the parties liabilities or assets therein to be shared equally.
The plaintiff shall have the right to exclusive occupancy of the marital home for a period ending July 1, 1994. During this period the defendant shall pay the mortgage, taxes and insurance as they become due on the property.
In addition, the defendant shall pay alimony to the plaintiff in the amount of $125.00 per week until December 31, 1999, at which CT Page 10743 time the alimony shall terminate. The plaintiff should, by this time, be self supporting and have recouped most of her contributions to the marital home. Said award is not subject to modification as to amount or term.
The defendant shall pay, within 60 days, to the plaintiff the amount of $1,500.00 towards her counsel fees.
The court finds that the marriage of the parties has broken down irretrievably.
A decree may enter dissolving the marriage and incorporating therein the aforementioned distribution and financial awards of the court.
SPALLONE STATE TRIAL REFEREE
Judgement enters in accordance with the foregoing Memorandum of Decision
Michael Kokoszka, Clerk